# SUPREME COURT.

## THE PEOPLE agt. CLARK.

A complaint which seeks to recover money collected, by a public officer with interest does not thereby contain two causes of action, upon one of which, the claim for interest, the defendant cannot be *arrested*.

On the contrary, if a defendant has received money in a fiduciary capacity, which he refuses to pay over, he may be arrested as well for the interest acquired thereon as the principal.

There is seldom a case where it is proper on a motion, such as an application to discharge from arrest, to try questions of fact; such as whether the complaint and affidavit making a demand which the plaintiff swears was served by him, was received by the defendant.

A county treasurer, in receiving and paying out moneys, does not act as an agent for the county or the state, and therefore does not hold the moneys free from a fiduciary capacity as to a third person, his principal.

Where one party places funds in the hands of another, in trust for the benefit of a third, the party in possession of the fund stands in a position of trust towards the beneficiary.

A county treasurer is a public officer, and receives moneys of the county and the state in a fiduciary capacity, and has certain duties to perform with those moneys, and is not at liberty to use them himself.

Where he converts such moneys to his own use, it is a distinct and serious breach of trust, for which the Code provides that he may be arrested.

*Albany Special Term, April,* 1873.
*Before* WILLIAM L. LEARNED, *Justice.*

ASSISTANT ATTORNEY-GENERAL, *for plaintiff.*
MR. COLLIER, *for defendant.*

THIS is a motion to set aside an order for arrest.

One ground is that, as it is said, two causes of action are united in the complaint, on one of which the defendant could

not be arrested. If this were the fact, it would undoubtedly be a reason for setting the order aside. The complaint seeks to recover money collected by the defendant as county treasurer; and the part of the complaint which the defendant deems to be a second cause of action is the claim for interest. I do not see how this can be called a second cause of action. The rate of interest under the statute in such cases may, perhaps, be fixed by the comptroller. But still, after all, the demand is only for interest. It is not a distinct cause of action, but is only in the way of damages for the detention of the money. Nor should I be willing to say that if a defendant had received money in a fiduciary capacity, which he refused to pay over, he might not' be arrested as well for the interest accruing thereon as for the principal.

Another ground of motion is that the defendant denies that the comptroller served the demand authorized by the statute.

The sworn complaints and the affidavits on the part of the plaintiff aver that this demand was mailed. It may be that the defendant did not receive it. It is hardly possible that the defendant intends to deny positively that it was sent. At any rate there is seldom a case where it is proper on such a motion as this to try questions of fact which may be part of the matters in issue. This has been decided. An exception might be made where the plaintiff's affidavits were plainly and grossly false (*Frost* agt. *McCayer*, 14 *How.*, 131; *Ely* agt. *Mumford*, 47 *Barbour*, 627).

Another ground of motion is that the principal cause of action is not one on which an order can be granted. The defendant insists that he is accountable only to the county of Columbia; that the money in his possession was received by him as their officer, and was not received in any fiduciary capacity toward the state. He likens the case to that of a principal paying money to an agent, to be by him paid to a third party, and urges that the agent does not hold the money in a fiduciary capacity as to the third person. This general

principle, stated barely, is probably correct; yet it can only apply where the party in possession of the funds is under no duty whatever toward the one who is to receive them; where, in fact, they are still under the absolute control of the supposed principal. Where, on the contrary, one party places funds in the hands of another in trust for the benefit of a third, here the party in possession of the funds stands in a position of trust toward the beneficiary.

Now, in the present case, the defendant is county treasurer. As such he is charged with the duty of receiving certain moneys which are to be applied to the expenses of the county, and certain moneys which are to be paid to the state. I do not see that he is the agent of the county for the purpose of paying to the state money of the county, any more than he is the agent of the state for the purpose of paying to the county money of the state (*Supervisors* agt. *White*, 30 *Barbour*, 72). We confuse the matter when we speak of him merely as an agent. He is a public officer. He received moneys which it was his duty to pay to the county. He also received moneys which it was his duty to pay to the state. The moneys were not his. He received them in a fiduciary capacity; that is, he had certain duties to perform with those moneys, and he was not at liberty to use them for himself. These moneys, it is alleged, he has converted to his own use. That is a distinct and serious breach of trust; a great violation of his duty as a public officer.

It is not material whether he is called county treasurer, or whether he is elected by the inhabitants of a county or by the people of the state, or whether he is appointed by the government. However he obtains his office he is a public officer, and he is bound to perform its duties. If one of those is to receive moneys and pay them over to the state, and if he receives such moneys, and, instead of paying them to the state, converts them to his own use, I do not see why he is not liable to arrest. The Code (§ 179) authorizes an arrest in an action for money received, or property fraudulently mis-

People agt. Clark.

applied by a public officer, or by any person in a fiduciary capacity. Now, this was money received by a public officer; and furthermore, if it was, as alleged, converted by him, then it was fraudulently misapplied. If, then, the state has a right of action against the defendant for moneys received and converted, as to which I suppose there is no doubt, then it seems to follow that in such an action he can be arrested. It is not a mere non-payment of the money that is charged. The allegation is that he has converted the money to his own use. If the defendant did this, he acted unlawfully in a matter of public trust. In fact, the language of the Code is so broad that it gives the right of arrest, in terms at least, in an action for money received by a public officer, so that it would seem that whenever there is a right of action against a public officer for moneys received by him, he may be arrested. So, too, he may be arrested for any misconduct or neglect in office. It seems to me, then, that the order of arrest was properly granted and the motion must be denied, with ten dollars costs.